FRED L. KUGATH v. JOHN MEYERS and Another.[1]

Nov. 14, 1895.

Nos. 9499—(70).

Execution Sale—Homestead—Equitable Lien.

> The owner of 80 acres of land, while indebted to the defendant, conveyed the land to plaintiff, who in consideration thereof agreed to pay such indebtedness. Plaintiff has ever since occupied the land as his homestead, and, while so occupying the same, defendant obtained and docketed judgment against him on his agreement to pay said indebtedness, issued execution, and levied on the land. *Held,* in an action to enjoin the execution sale, that, if defendant had any lien on the land, he must establish and enforce it in equity, and that the sale should be enjoined.

Action in the district court for Waseca county against John Meyers and Henry Reynolds, sheriff of said county. The answer of defendants substantially admitted or alleged the facts stated in the first paragraph of the opinion. From an order, Buckham, J., sustaining a demurrer to the answer, defendants appealed. Affirmed.

*John Moonan,* for appellants.

*P. McGovern,* for respondent.

CANTY, J. One Carl Kugath was the owner of 80 acres of land in Waseca county, on which there was a mortgage of $800. He was also indebted to defendant, who held his promissory note for such indebtedness. Kugath sold and conveyed the land to plaintiff, who in consideration thereof agreed to pay said mortgage indebtedness, and also to pay said note. It does not appear that this agreement was inserted in the deed of conveyance. Plaintiff has ever since occupied the premises as his homestead. After plaintiff had so pur-

[1] Reported in 64 N. W. 1138.

chased the premises, and occupied them as his homestead, this defend-ant obtained a judgment against him for the sum of $317.80, on his said agreement to pay said note, docketed the judgment, and levied execution on the land. Plaintiff brought this action to enjoin the sale of the land, on the ground that it was his homestead, and exempt from sale on execution. Defendant answered. Plaintiff demurred to the answer on the ground that it does not state a defense, and defendant appeals from an order sustaining the demurrer.

We are of the opinion that the order appealed from should be affirmed. Whether or not defendant has an equitable lien on the land for the payment of his debt, it is not necessary here to consider. If he has such a lien, it is wholly in pais, and should be established and enforced in equity. The general public cannot be expected to bid at a sale on execution in such a case, and, as a general rule, it is not good public policy to allow a sale on execution where it does not appear to the public that the judgment is a lien on the premises sold. A well-recognized exception to this rule is the case where the debtor, in fraud of his creditors, has conveyed away his property before the lien of the judgment attached. See Freem. Ex'ns, § 136 et seq. In that case the law says that he shall not have the benefit he might get from the delay caused by his own wrong. But no such principle is involved in this case.

Order affirmed.